STATE, EX REL. ATTORNEY GENERAL, V. REPUBLICAN VALLEY & WYOMING R. CO.

[FILED NOVEMBER 20, 1889.]

Summons: RETURN. Under the provisions of section 66 of the Code, where a summons is sent to a county other than that in which the action is brought, the plaintiff may have the summons made returnable on the second Monday after its date, instead of the third or fourth Monday thereafter, if he so elect.

ORIGINAL action in nature of *quo warranto.*

MOTION to quash summons.

*T. M. Marquett,* for the motion.

*William Leese, Attorney General, contra.*

No briefs filed.

PER CURIAM:

This is an original action brought in this court, and service was had upon the chief officer of the company in Douglas county. The summons was made returnable on the second Monday after its date and was served and returned within the time limited.

The attorney for the defendant now moves to quash the summons because it was made returnable on the second Monday after its date instead of the third or fourth Monday thereafter. Section 66 of the Code provides that:

"Whenever the time for bringing parties into court is not fixed by statute, the summons shall be returnable on the second Monday after the day of its date, but when issued to any other county than the one in which the action is brought, it may be made returnable at the option of the party having it issued, on the third or fourth Monday after its date. It shall state the day of the month on which it is returnable."

This is section 59 of the Ohio Code, as it existed in 1858, and the proper construction of this section was before one of the district courts of that state in *Devol v. Culver*, 1 W. L. M., 587–8, and it was held that it is optional with the plaintiff whether he will have the summons issued out of the county where the action is brought, returnable on the third or fourth Monday. It is said:

"As we read it, all summonses may be made returnable on the second Monday after the date thereof, whether issued within or without the county where the action is brought; but that it is optional with the party, in case the summons is issued to another county, to enlarge the time of its return; and this elongated time cannot go beyond the third or fourth Monday. If, then, service can be had on a summons issued to another county, in time to have it returned by the second Monday, it may be so issued; in case it can-

not be served in that time, then the plaintiff may direct it to be made returnable on the third or fourth Monday. This last clause of section 59 is made for the benefit of the plaintiff; it does not extend the time for answer, as the summons may be served at any time during its life, the officer being only required to return the summons at the time therein stated. Whether, therefore, a summons, sent to another county, is made returnable in two, three, or four weeks, the length of time allowed the defendant to answer is the same, as the service is not required to be made only so long before its return as may be necessary for the officer to make that return on the day named therein."

This, in our view, is a correct construction of the statute, so far as the return of the summons is concerned, and we adopt the same. The motion is therefore overruled.

MOTION OVERRULED.

THE other Judges concur.